UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV 11841 NG

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS LLC, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF NORTH ANDOVER, MASSACHUSETTS, | ) |
| BOARD OF APPEALS of the TOWN OF NORTH | ) |
| ANDOVER, ELLEN McINTYRE, RICHARD J. BYERS, | ) |
| ALBERT P. MANZI III, JOSEPH D. LaGRASSE, | ) |
| DAVID R. WEBSTER, DANIEL S. BRAESE, | ) |
| THOMAS D. IPPOLITO, RICHARD M. VAILLANCOURT, | ) |
| as they are members and associate members of the Board, | ) |
| Defendants. | ) |
| | ) |

## JOINT SCHEDULING CONFERENCE STATEMENT

Pursuant to the Court's Notice of Scheduling Conference dated March 27, 2006, and

pursuant to Local Rule 16.1(D), all parties submit the following joint statement:

## I.     STATEMENT OF THE PLAINTIFFS' CLAIM

New Cingular Wireless PCS LLC ("Cingular") appeals under both federal and state law

from the North Andover Board of Appeals' ("Board") denial, by a 2 – 2 vote, of Cingular's

application for a variance for a proposed wireless communication facility.  The proposed

antennas would be on an existing, guyed, orange-and-white-striped lattice communications tower

at 300 Chestnut Street, North Andover, MA (also known as 0 Chestnut Street, Assessors Map

98C, Lot 2) ("Site").  The proposed facility would cover over 1.2 square miles of an undisputed

gap in coverage on a major road and surrounding neighborhoods.  The Board filed its Decision

with the North Andover Town Clerk on August 23, 2005.  Cingular alleges that the denial

violates Section 704 of the Telecommunications Act of 1996, Pub. L. No. 104-104 ("the

1

Telecommunications Act"), codified at Section 332(c)(7) of the Communications Act of 1934, 47 U.S.C. §§ 151-691, and the Massachusetts Zoning Act, M.G.L. c. 40A, § 17.

The Defendants oppose these contentions and contend that the variance decision is within their lawful regulatory authority.

## II.    AGENDA

At the scheduling conference, the parties believe the following matters should be addressed:

### A.    Settlement Possibilities

Cingular has made a written settlement proposal to the Defendants orally and in writing most recently, by letter dated April 5, 2006.   The defendants have responded to the offer.  At present, the parties are awaiting the outcome of Planning Board proceedings for a special permit at the same Site.  Depending upon the outcome, the parties anticipate that they either will settle this case, or that Cingular will move to amend the complaint to include the Planning Board's decision.

### B.    Principal Issues in Contention

The principal issues in contention are the following:

1.    Whether the Board's denial of Cingular's application for variances and other relief at the Site "prohibit[s] or ha[s] the effect of prohibiting the provision of personal wireless services," in violation of § 332(c)(7)(B)(i)(II) of the Telecommunications Act.

2.    Whether the Board's denial "unreasonably discriminate[s] among providers of functionally equivalent services." 47 U.S.C. § 332(c)(7)(B)(i).

3.    Whether the Board's denial of Cingular's application is supported by substantial evidence, as required by § 332(c)(7)(B)(iii) of the Telecommunications Act.

4. Whether the denial was unlawfully "based on the environmental effects of radio frequency emissions" in violation of 47 U.S.C. § 332(c)(7)(B)(iv).

5. Whether the Town's Bylaw, requiring a 600 foot setback for wireless facilities, is unconstitutional on its face and as applied to this application.

6. Whether the Board exceeded its authority under G.L. c. 40A in finding that the criteria for a variance and special permit were not met in this case.

C.    **Proposed Pretrial Schedule and Plan for Discovery**

**JOINT DISCOVERY PLAN**

**Plaintiff's Discovery**

The plaintiff proposes phased discovery, to permit (1) conclusion of the pending Planning Board proceedings, and (2) if necessary, full resolution of the substantial evidence claim through review on the record, before engaging in full discovery. The plaintiff would also argue discrimination and other claims at that stage, by moving for summary judgment, reserving its right to proceed on extra-record facts if summary judgment is denied.

Other claims in this case include discrimination, effective prohibition and consideration of health effects under § 332(c)(7)(B)(i)(II) of the Telecommunications Act. Such claims are *not* decided upon mere record review, but are entitled to *de novo* review on the facts presented to this Court. See *National Tower, LLC v. Plainville Zoning Board of Appeals*, 297 F.3d 14, 24 (1st Cir. 2002)("On the 'effective prohibition' issue, district courts may take evidence beyond the record"); *Town of Amherst, New Hampshire v. Omnipoint Communications Enterprises, Inc.*, 173 F.3d 9, 16 & n. 7 (1st Cir. 1999)("whether the town has . . . created a general ban involves federal limitations on state authority, presenting issues that the district court would resolve *de novo* and for which outside evidence may be essential."). See generally *Second Generation Properties, L.P. v. Town of Pelham*, 313 F.3d 620, 629 (1st Cir. 2002).

(a)    Discovery Pleadings

In the event that the matter is not resolved by settlement, or by argument on the record, the plaintiff anticipates filing interrogatories, requests for production of documents and requests for admission on the schedule set forth below.

(b)    Depositions

The Plaintiff may take the following depositions after receiving the Defendants' discovery responses and before serving Requests for Admission:

Town Administrator, Town of North Andover

3

Rule 30(b)(6) deposition of the Board and of the Town

Persons presently unknown who may be identified in interrogatories or otherwise as having knowledge about enactment of the challenged Bylaw provisions

Town Planner or official performing that Function
Town Hall
North Andover, MA

Building Inspector
Town Hall
North Andover, MA

Keeper of the Records
Town Hall
North Andover, MA

(c)    Plaintiffs' Experts

At the present time, Cingular Services anticipates presenting expert testimony from the following witnesses:

Scott Pollister
New Cingular Wireless PCS, LLC

Stan Sherman
SRS Engineering Applications Inc
30 Twin Ponds Drive,
South Dartmouth, MA 02748

Nate Godfrey and/or George Valentine
Newport Appraisal Group
790 Aquidneck Avenue
Middletown RI 02842

(d)    Depositions of Defendants' Experts

Cingular anticipates deposing any experts put forward by the Defendants.

**Plaintiff's Proposed Pretrial Schedule:**

| EVENT | DEADLINE |
|---|---|
| Defendants file the certified record | June 30, 2006 |

4

| Substantial Evidence Briefs/Cross-Motions for summary judgment on the record | August 15, 2006 |
|---|---|
| Response Briefs | September 7, 2006 |
| IF THE MATTER IS NOT RESOLVED: | |
| Non-Expert Discovery Deadline | February 28, 2007 |
| Plaintiffs' Expert Report | April 2, 2007 |
| Defendants' Expert Report | May 2, 2007 |
| Expert Deposition Deadline | June 15, 2007 |
| Dispositive Motions Filed on remaining claims | July 30, 2007 |
| Oppositions to Dispositive Motions | August 31, 2007 |
| Pretrial Conference | November 20, 2007, or as soon thereafter as the Court's schedule allows |
| Trial | December, 2007 |

### Defendants' Discovery

(a)    Discovery Pleadings

In the event that the matter is not resolved by settlement, or by argument on the record, the defendants anticipate filing interrogatories, requests for production of documents and requests for admissions on the schedule set forth above.

(b)    Defendants' Experts

At the present time, the Defendants anticipate presenting expert testimony from the

following witnesses:

To be determined.

(c)    Deposition of Plaintiffs' Experts

(d)    Depositions

The defendants may take the following deposition after receiving the plaintiff's discovery

5

responses and before serving Requests for Admissions:

Rule 30(b)(6) deposition of the plaintiff.

Defendants anticipate deposing Plaintiff's experts, in the event that the case is not fully

disposed of on the record of proceedings and a motion for summary judgment.

## III.    ALTERNATIVE DISPUTE RESOLUTION

### A.    Plaintiff's Position

The Plaintiff has considered various alternative dispute resolution procedures and sets
forth its position as follows:

| PROCEDURE | PLAINTIFF'S POSITION |
|---|---|
| Mediation | Yes |
| Mini-Trial | No |
| Summary Jury Trial | No |
| Trial by Magistrate | No |

### B.    Defendants' Position

The Defendants have considered various alternative dispute resolution procedures and set
forth their position as follows:

| PROCEDURE | DEFENDANTS' POSITION |
|---|---|
| Mediation | Yes |
| Mini-Trial | No |
| Summary Jury Trial | No |
| Trial by Magistrate | No |

## V.    CONTEMPLATED MOTIONS

### A.    Plaintiff's Contemplated Motions

The plaintiff anticipates filing the following motions:

1) Motion to Amend Complaint if necessary (particularly if the Planning Board denies a special permit);

2) Summary Judgment Motion or Motion for Preliminary Injunction;

3) Discovery Motions as Necessary, including motion for protective order;

4) Motion for a View;

5) Motion in Limine.

### B.    Defendants' Contemplated Motions

The defendants anticipate filing the following motions:

1) Motion to Amend Answer if necessary;

2) Summary Judgment Motion or Motion for Judgment on the Pleadings;

3) Discovery Motions as Necessary, including motion for protective order;

4) Motion in Limine.

## VI.    PLAINTIFF'S CERTIFICATIONS

Signature below by counsel indicates that counsel has informed his client (by email) as follows:

(a)    with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b)    to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

7

## VII.   DEFENDANTS' CERTIFICATIONS

Defendants' counsel has conferred with defendants regarding alternative dispute resolution and a budget for the litigation and will file their certifications under separate cover at or before the Scheduling Conference.

THE PLAINTIFF,                          THE DEFENDANTS,
By its Attorney,                        By their Attorneys,


   /s/  Douglas H. Wilkins                  /s/ Thomas J. Urbelis
Stephen D. Anderson, BBO #018700        Thomas J. Urbelis
Douglas H. Wilkins, BBO #528000         Urbelis & Fieldsteel, L.L.P
Scott Lacy, BBO #633323                 155 Federal Street
Anderson & Kreiger LLP                  Boston, Massachusetts  02110
43 Thorndike Street                     617-338-2200
Cambridge MA 02141
617-252-6575
   Dated: April 20, 2006


CERTIFICATE OF SERVICE

   I certify that I served a copy of the foregoing on the defendants by mailing copies first-class mail, postage prepaid, to their counsel of record listed below on this 20th of April, 2006.


                    /s/ Douglas H. Wilkins
                    Douglas H. Wilkins


att\North Andover Chestnutlit\p\jointstatementfinal.wpd

8

## **CERTIFICATION**

Plaintiff, New Cingular Wireless PCS, LLC's counsel has conferred with me (an authorized representative of Cingular on this matter) regarding alternative dispute resolution and a budget for the litigation.

For the Plaintiff Cingular Wireless:

_____

Jay Perez, Esq.