UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV 11841 NG

NEW CINGULAR WIRELESS PCS LLC,
                 Plaintiff,

v.

TOWN OF NORTH ANDOVER, MASSACHUSETTS,
BOARD OF APPEALS of the TOWN OF NORTH
ANDOVER, ELLEN McINTYRE, RICHARD J. BYERS,
ALBERT P. MANZI III, JOSEPH D. LaGRASSE,
DAVID R. WEBSTER, DANIEL S. BRAESE,
THOMAS D. IPPOLITO, RICHARD M. VAILLANCOURT,
as they are members and associate members of the Board,
                 Defendants.

## **PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15, the plaintiff, New Cingular Wireless PCS, LLC ("Cingular") moves to supplement and amend the complaint by filing the attached Supplemental Amended Complaint for the following reasons:

1.    The existing Amended Complaint already alleges in Count VIII that the Town's bylaw requirement for annual radio frequency emissions monitoring violates and is preempted by the Telecommunications Act and the statutes granting the FCC exclusive jurisdiction over such matters.

2.    On June 9, 2006, the North Andover Planning Board filed its decision granting Cingular's application for a Special Permit, but imposing a condition (condition 2(b)) that requires essentially the same monitoring that Count VIII alleges is preempted and unlawful.

3.    The proposed Supplemental Amended Complaint makes only minor changes to the claims already before the court. It describes the Planning Board's decision and the challenge

thereto (paragraph 4a), adds the Planning Board and its members as defendants (paragraphs 19a and 19b), adds a paragraph alleging the illegality of Condition 2(b) (paragraph 117), and adds a prayer for the invalidation of Condition 2(b) (Prayer 7), with renumbering of the subsequent prayers.

4. It would promote judicial economy to litigate the Planning Board's condition 2(b) in the same litigation that already contains Cingular's claim in Count VIII. Indeed, the additional expense by the parties and the court due to the additional claim against the Planning Board is likely to be minimal.

5. While Cingular believes that settlement of this entire case may be imminent, there has been no resolution regarding the Planning Board's condition 2(b). In an abundance of caution, Cingular is bringing this Motion and the claim against the Planning Board within the 30 day limitations period of the Telecommunications Act to protect its rights. Cingular continues to hope and expect that this matter will be resolved by agreement.

6. The defendants will not be materially prejudiced by this motion.

By its Attorney,

_/s/_____
Douglas H. Wilkins (BBO #528000)
ANDERSON & KREIGER LLP
43 Thorndike Street
Cambridge, MA 02141
(617) 252-6575

**Rule 7.1 Certification:**

I, Douglas H. Wilkins, certify that I have taken the following steps to try to resolve or narrow the issues in this case (and, if more is required, I move for leave to finalize discussions once defense counsel is available and responds to my inquiries, after his medical procedure): For some months, counsel for plaintiff and defendants have been working on a consent decree to resolve

the entire case. By email on July 3, 2006, I responded to defense counsel's latest draft of a Consent Decree to resolve the entire case by requesting some changes (mostly to reflect the Planning Board's recent decision) and stated that "I would very much like to resolve this this week". I also pointed out that Cingular had a challenge to the Planning Board's condition 2(b) and was still within the 30 day window for a Telecommunications Act lawsuit, so defense counsel was aware of my intention to preserve this issue in a timely fashion. On July 6, 2006, I tried to reach defense counsel by phone to resolve the case, but received only an email in response. On July 6 (within an hour of receiving that email), I proposed a final version of a consent decree by email to defense counsel. On July 7, shortly after 9 AM, I called defense counsel's office, but was informed that he was undergoing a medical procedure, although he was likely to check his voicemail. I left a voicemail requesting a response to my proposed final version of the consent decree and mentioned the need to meet the 30 day deadline on the Planning Board's condition 2(b). About two hours later the same morning, I left a voice mail message expressly referencing this motion and requesting his assent, or a discussion to narrow or resolve the motion. I was mindful of his office's statement that he would check voicemail. At about 2 PM, I emailed him a draft of this motion and the supplemental amended complaint, asking for assent or discussion of how to narrow or resolve the issues. Because the 30 day period expires on Sunday, July 9, and, while I believe that filing on July 10 is timely, I do not wish to litigate the point and I have filed this motion today, to protect my client's rights.

                                                                     /s/_____
                                                                     Douglas H. Wilkins

g:\docs\cin\ma\northandoverchestnut\p\mosuppcomplaint.doc