UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV 11841 NG

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS LLC, | ) |
|                                       Plaintiff, | ) |
|    v. | ) |
| | ) |
| TOWN OF NORTH ANDOVER, MASSACHUSETTS, | ) |
| BOARD OF APPEALS of the TOWN OF NORTH | ) |
| ANDOVER, ELLEN McINTYRE, RICHARD J. BYERS, | ) |
| ALBERT P. MANZI III, JOSEPH D. LaGRASSE, | ) |
| DAVID R. WEBSTER, DANIEL S. BRAESE, | ) |
| THOMAS D. IPPOLITO, RICHARD M. | ) |
| VAILLANCOURT, as they are members and associate | ) |
| Members of the Board of Appeals, and PLANNING | ) |
| BOARD OF NORTH ANDOVER, and Richard Nardella, | ) |
| John Simons, Richard Rowen, Alberto Angles, and Jack | ) |
| Green, as they are members and associate members of | ) |
| the North Andover Planning Board, | ) |
|                                       Defendants | ) |

## AGREEMENT FOR JUDGMENT

WHEREAS New Cingular Wireless PCS, LLC ("Cingular"), applied to the Zoning Board of Appeals (the "Board") of the Town of North Andover, Massachusetts (the "Town") for a dimensional variance from the setback provisions of Section 8, Paragraph 8.9(3)(c)(v) of the Zoning Bylaw, minimum requirements of the distance to lot lines, in order to install additional antennas on the existing antenna tower off Chestnut Street, North Andover, MA as shown on Assessors Map 98C, Lot 2 ("Site").

WHEREAS the Board issued a Decision, filed with the North Andover Town Clerk on August 23, 2005 (the "Decision").

WHEREAS the Decision, by a 2-2 vote, denied the request for a variance for Cingular's proposed facility.

WHEREAS, Cingular timely appealed the Decision, under both Section 704 of the Telecommunications Act of 1996, Pub. L. No. 104-104 ("the Telecommunications Act"), codified at Section 332(c)(7) of the Communications Act of 1934, 47 D.S.C. §§ 151-691, and Mass. Gen. Laws c. 40A, § 17.

WHEREAS, without any admission of fact, law or liability, Cingular and the Board of Appeals agree that it is in their best interests to settle this litigation by (a) reversing the decision of the Board denying the Variance, and (b) granting the requested relief with certain conditions imposed upon the Variance to be issued under this Agreement for Judgment and the Judgment entered pursuant hereto.

WHEREAS, the parties agree that the following conditions should be imposed upon the Variance to be issued under this Agreement for Judgment and the Judgment entered pursuant hereto:

(1) The facility must be installed upon the lattice tower at the Site, substantially as shown on the plans submitted to the Board of Appeals and approved by this Agreement for Judgment and any necessary construction drawings to implement the same; provided however that the plans may be modified to conform to requirements imposed by applicable law or by other Boards or Officials of the Town of North Andover.

(2) The existing height of the lattice tower structure shall not be increased by virtue of this installation (except that nothing in this Agreement for Judgment shall preclude the Board of Appeals from approving a taller height upon application duly submitted under the Town's zoning ordinance; and this Agreement imposes no obligation to approve such an application).

(3) Cingular or its contractor must paint or otherwise cause, and maintain, its antennas to be a non-reflective silver color to reasonably match the color of the existing tower.

(4) Cingular must obtain a building permit prior to installing the additional antennas.

WHEREAS, without any admission of fact, law or liability, and solely for purposes of settling this litigation, Cingular has proposed to construct and operate its facility, in accordance with the conditions set forth in the preceding paragraph, and, subject only to revisions that reflect those conditions, substantially in accordance with the following plans prepared by Clough Harbour & Associates LLP and any construction drawings necessary to effectuate the same (the "Facility"):

| DRAWING NO. | TITLE | REVISION DATE |
|---|---|---|
| T01 | Title Sheet | 12/23/04 |
| C01A | Comprehensive Site Plan | 12/23/04 |
| C01B | Adjoining Structures Plan | 4/28/05 |
| C01C | Adjoining Structures Plan | 7/7/05 |
| C01 | Site Plan | 12/23/04 |
| CO2 | Tower Elevations & Details | 12/23/04 |
| cm | Structural Details | 12/23/04 |
| C04 | Structural Details | 12/23/04 |
| C05 | Structural Notes | 12/23/04 |
| E01 | Power & Telephone Plan | 12/23/04 |
| E02 | Grounding Plan | 12/23/04 |
| E03 | Electrical Details | 12/23/04 |
| E04 | Electrical Details | 12/23/04 |
| E05 | Electrical Details | 12/23/04 |
| E06 | Electrical Specifications | 12/23/04 |

WHEREAS, the Parties agree that the proposed Judgment shall allow for the grant of the Variance, with the terms and conditions stated above. Nothing herein shall obviate the need for Cingular to obtain a building permit from the North Andover Building Inspector or a special permit or other non-zoning related permit from any local, state, or other authority.

WHEREAS, there is no just cause for delay, and a remand to the Board would serve no useful purpose.

NOW THEREFORE, the parties, through their duly authorized counsel, stipulate and agree to the entry of the Final Judgment (in the form submitted herewith) as follows:

**A.    Counts I and II**

On Counts I and II of the Supplemental Amended Complaint, without any admission of fact, law or liability, and solely for purposes of settling this litigation, the parties through their duly authorized counsel, stipulate and agree to the entry of Final Judgment such that the Board of Appeals' Decision shall be and hereby is (a) reversed to the extent it denied the requested variance as petitioned for Cingular's proposed Facility, (b) amended and modified to grant said variance, with the above conditions, for the proposed Facility, subject to the following conditions, which may be modified only pursuant to properly noticed Town zoning proceedings:

1. The facility must be installed upon the lattice tower at the Site, substantially as shown on the plans submitted to the Board of Appeals and approved by this Agreement for Judgment and any necessary construction drawings to implement the same; provided however that the plans may be modified to conform to requirements imposed by applicable law or by other Boards or Officials of the Town of North Andover.

2. The existing height of the lattice tower structure shall not be increased by virtue of this installation (except that nothing in this Agreement for Judgment shall preclude the Board of Appeals from approving a taller height upon application duly submitted under the Town's zoning ordinance; and this Agreement imposes no obligation to approve such an application).

    3.      Cingular or its contractor must paint or otherwise cause, and maintain, its antennas to be a non-reflective silver color to reasonably match the color of the existing tower.

    4.      Cingular must obtain a building permit prior to installing the additional antennas.

**B.**    **Other Counts**

The parties further stipulate and agree that Counts III, IV, V, VI, VII and VIII of the Supplemental Amended Complaint shall be dismissed without prejudice and without costs. Nothing in the Special Permit for the Site shall operate to impair or defeat any right claimed in Count III-VIII, inclusive, including but not limited to a challenge to Special Permit condition 2(b) relating to RFR measurements; and condition 2(b) in the Special Permit (and all provisions addressing the same subject matter) shall be subject to challenge in the event a dispute arises over the validity or enforceability of said condition on grounds set forth in Counts III-VIII. In any event, the parties may not challenge, and shall be bound by, the terms of this Judgment.

**C.**    **General Provisions**

      The parties further stipulate and agree that there is no just cause for delay in the immediate entry of said Judgment and the immediate issuance of said variance by this Agreement for Judgment alone, and with no other actions, meetings, hearings or decisions being necessary. However, nothing in this Agreement shall obviate the need for a building permit. No work on the Site shall begin prior to the issuance of a building permit. The parties waive all rights of appeal from the Judgment submitted herewith. Each party shall bear its own costs, fees and expenses.

| | |
|---|---|
| The Plaintiff, | The Defendants, |
| By its attorneys, | The Boards (including their members and (associate members), and the Town, By their attorneys, |
| /s/ Stephen D. Anderson & Kreiger, LLP | /s/ Thomas Urbelis |
| _____ | _____ |
| Stephen D. Anderson<br>Douglas H. Wilkins,<br>ANDERSON & KREIGER LLP<br>43 Thorndike Street<br>Cambridge, MA 02141<br>(617) 252-6575 | Thomas Urbelis<br>Urbelis & Fieldsteel, LLP<br>155 Federal Street<br>Boston, Massachusetts 02110<br>(617) 338-2200 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Civil Action No. 05CV 11841 NG**

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS LLC,<br>                             Plaintiff,<br>   v.<br><br>TOWN OF NORTH ANDOVER, MASSACHUSETTS,<br>BOARD OF APPEALS of the TOWN OF NORTH<br>ANDOVER, ELLEN McINTYRE, RICHARD J. BYERS,<br>ALBERT P. MANZI III, JOSEPH D. LaGRASSE,<br>DAVID R. WEBSTER, DANIEL S. BRAESE,<br>THOMAS D. IPPOLITO, RICHARD M.<br>VAILLANCOURT, as they are members and associate<br>Members of the Board of Appeals, and PLANNING<br>BOARD OF NORTH ANDOVER, and Richard Nardella,<br>John Simons, Richard Rowen, Alberto Angles, and Jack<br>Green, as they are members and associate members of<br>the North Andover Planning Board,<br>                             Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JUDGMENT

This case having come before the Court on the parties' Final Agreement for Judgment ("Agreement for Judgment"), it is hereby ordered, adjudged and declared as follows:

1. **Counts Determined**

On Counts I and II of the Supplemental Amended Complaint, the Board of Appeals' Decision shall be and hereby is (a) reversed to the extent it denied the requested variance as petitioned for Cingular's proposed Facility, (b) amended and modified to grant the variance for the proposed Facility, subject to the following conditions, which may be modified only pursuant to properly noticed Town zoning proceedings:

    1. The facility must be installed upon the lattice tower at the Site, substantially as shown on the plans submitted to the Board of Appeals and cited in the Agreement for Judgment and any necessary construction drawings to implement the same; provided however that the plans may be modified to conform to requirements imposed by applicable law or by other Boards or Officials of the Town of North Andover.

2. The existing height of the lattice tower structure shall not be increased by virtue of this installation (except that nothing in this Judgment shall preclude the Board of Appeals from approving a taller height upon application duly submitted under the Town's zoning ordinance; and this Judgment imposes no obligation to approve such an application).

3. Cingular or its contractor must paint or otherwise cause, and maintain, its antennas to be a non-reflective silver color to reasonably match the color of the existing tower.

4. Cingular must obtain a building permit prior to installing the additional antennas.

**2.    Other Counts**

Pursuant to the parties' stipulation, Counts III, IV, V, VI, VII and VIII of the Supplemental Amended Complaint are dismissed without prejudice and without costs. Nothing in the Special Permit for the Site shall operate to impair or defeat any right claimed in Count III-VIII, inclusive, including but not limited to the challenge to Special Permit condition 2(b) relating to RFR measurements; and condition 2(b) in the Special Permit shall be subject to challenge in the event a dispute arises over the validity or enforceability of said condition on grounds set forth in Counts III-VIII. In any event, the parties may not challenge, and shall be bound by, the terms of this Judgment.

**3.    General Provisions**

There is no just cause for delay in the immediate entry of this Judgment and the immediate issuance of said variance by this Judgment alone, and with no other actions, meetings, hearings or decisions being necessary. However, nothing in this Judgment shall obviate the need for a building permit. No work on the Site shall begin prior to the issuance of a building permit. Each party shall bear its own costs, fees and expenses.

**By the Court:**

_____
**Nancy Gertner, District Court Judge**