UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV 11841 NG

NEW CINGULAR WIRELESS PCS LLC, )
                                  Plaintiff, )
   v. )
                                          )
TOWN OF NORTH ANDOVER, MASSACHUSETTS, )
BOARD OF APPEALS of the TOWN OF NORTH )
ANDOVER, ELLEN McINTYRE, RICHARD J. BYERS, )
ALBERT P. MANZI III, JOSEPH D. LaGRASSE, )
DAVID R. WEBSTER, DANIEL S. BRAESE, )
THOMAS D. IPPOLITO, RICHARD M. )
VAILLANCOURT, as they are members and associate )
Members of the Board of Appeals, and PLANNING )
BOARD OF NORTH ANDOVER, and Richard Nardella, )
John Simons, Richard Rowen, Alberto Angles, and Jack )
Green, as they are members and associate members of )
the North Andover Planning Board, )
                                  Defendants )

## JUDGMENT

This case having come before the Court on the parties' Final Agreement for Judgment ("Agreement for Judgment"), it is hereby ordered, adjudged and declared as follows:

1. **Counts Determined**

On Counts I and II of the Supplemental Amended Complaint, the Board of Appeals' Decision shall be and hereby is (a) reversed to the extent it denied the requested variance as petitioned for Cingular's proposed Facility, (b) amended and modified to grant the variance for the proposed Facility, subject to the following conditions, which may be modified only pursuant to properly noticed Town zoning proceedings:

    1. The facility must be installed upon the lattice tower at the Site, substantially as shown on the plans submitted to the Board of Appeals and cited in the Agreement for Judgment and any necessary construction drawings to implement the same; provided however that the plans may be modified to conform to requirements imposed by applicable law or by other Boards or Officials of the Town of North Andover.

    2.    The existing height of the lattice tower structure shall not be increased by virtue of this installation (except that nothing in this Judgment shall preclude the Board of Appeals from approving a taller height upon application duly submitted under the Town's zoning ordinance; and this Judgment imposes no obligation to approve such an application).

    3.    Cingular or its contractor must paint or otherwise cause, and maintain, its antennas to be a non-reflective silver color to reasonably match the color of the existing tower.

    4.    Cingular must obtain a building permit prior to installing the additional antennas.

## 2.  Other Counts

Pursuant to the parties' stipulation, Counts III, IV, V, VI, VII and VIII of the Supplemental Amended Complaint are dismissed without prejudice and without costs. Nothing in the Special Permit for the Site shall operate to impair or defeat any right claimed in Count III-VIII, inclusive, including but not limited to the challenge to Special Permit condition 2(b) relating to RFR measurements; and condition 2(b) in the Special Permit shall be subject to challenge in the event a dispute arises over the validity or enforceability of said condition on grounds set forth in Counts III-VIII. In any event, the parties may not challenge, and shall be bound by, the terms of this Judgment.

## 3.  General Provisions

There is no just cause for delay in the immediate entry of this Judgment and the immediate issuance of said variance by this Judgment alone, and with no other actions, meetings, hearings or decisions being necessary. However, nothing in this Judgment shall obviate the need for a building permit. No work on the Site shall begin prior to the issuance of a building permit. Each party shall bear its own costs, fees and expenses.

By the Court: _____
Nancy Gertner, District Court Judge
9/25/06

